NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-192


PAUL BREAUX

VERSUS

GULF COAST BANK


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 92499 I
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Shannon J. Gremillion, Judges.


AFFIRMED.


Bernard Francis Duhon
Attorney at Law
P. O. Box 1169
Abbeville, LA 70511-1169
(337) 893-5066
Counsel for Defendant/Appellee:
Gulf Coast Bank

Jermaine Demetrie Williams
Attorney at Law
108 W. Congress Street
Lafayette, LA 70501
(337) 235-3989
Counsel for Plaintiff/Appellant:
Paul Breaux

**Lauren E. Campisi**
**McGlinchey Stafford, PLLC**
**601 Poydras St., 12th Floor**
**New Orleans, LA 70130**
**(504) 586-1200**
**Counsel for Defendant/Appellee:**
**Gulf Coast Bank**

**Lauren E. Campisi**
**McGlinchey Stafford, PLLC**
**601 Poydras St., 12th Floor**
**New Orleans, LA 70130**
**(504) 586-1200**
**Counsel for Defendant/Appellee:**
**Gulf Coast Bank**

**GREMILLION, Judge.**

Plaintiff, Paul Breaux, appeals the trial court's grant of an exception of prescription in favor of Defendant, Gulf Coast Bank. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are not in dispute. Breaux hired attorney Kevin Rees to represent him for injuries he received while working offshore for Jade Marine. Rees settled Breaux's claim against Jade Marine for $60,000, and upon receipt of the settlement check, forged Breaux's endorsement. On April 8, 2009, Rees deposited the check into his business trust account at Gulf Coast Bank. Rees never gave Breaux any of the settlement funds. On June 28, 2010, Breaux filed a claim for damages against Gulf Coast. On September 15, 2010 Gulf Coast filed Peremptory Exceptions of Prescription, No Right of Action, and No Cause of Action. Following a November 2010 hearing, the trial court granted Gulf Coast's Peremptory Exception of Prescription. Breaux now appeals arguing that the trial court erred in granting Gulf Coast's exception of prescription because *contra non valentem* applies to suspend prescription.

## DISCUSSION

Breaux concedes that his claim is prescribed on the face of the petition. Thus, the burden shifts to him to prove that it has not. *Peak Performance Physical Therapy & Fitness, LLC v. Hibernia Corp.*, 07-2206 (La.App. 1 Cir. 6/6/08), 992 So.2d 527, *writ denied*, 08-1478 (La. 10/03/08), 992 So.2d 1018. Breaux's claim for conversion against Gulf Coast is regulated by the provisions found in La.R.S. 10:3-420, which set forth a one year prescriptive period.[1] La.R.S. 10:3-420(f).

---

[1] La.R.S. 10:3-420 provides:
   (a) An instrument is converted when

Breaux can only defeat prescription if he can show that it was interrupted or suspended. We review a trial court's factual findings as to whether a claim has prescribed under the manifest error-clearly wrong standard of review. *Marin v. Exxon Mobil Corp.,* 09-2368, 09-2371 (La. 10/19/10), 48 So.3d 234.

Breaux's argument is based on the doctrine of *contra non valentem.* The supreme court has set forth four situations in which *contra non valentem* will apply as a jurisprudential exception to defeat prescription. They are:

1. Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action.

2. Where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;

3. Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or

4. Where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.

*Id.*at 245.

The fourth category, otherwise known as the "discovery rule" is to be applied in only the most extreme and exceptional circumstances. *Id.*

Breaux argues that his claim falls under the fourth category (the discovery rule exception). Specifically, he claims that the fourth category of *contra non valentem* applies regardless of who engaged in the fraudulent concealment. We disagree. Assuming as true all of Breaux's claims that he could not have known of his attorney's forged endorsement of his name until, at the earliest, July 2009, we find no error in the trial court's finding because the discovery rule exception is not available to prevent the tolling of prescription in this case.

(iii) it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment.

Our colleagues in the first and second circuits have addressed this issue, setting forth the reasoning why the discovery rule is inapplicable to check conversion cases. In *Costello v. Citibank (South Dakota), N.A.*, 45,518, p.8 (La.App. 2 Cir. 9/29/10), 48 So.3d 1108, 1113-1114, the court stated (emphasis added):

> The use of negotiable instruments was intended to facilitate the rapid flow of commerce by providing certainty and finality in commercial transactions. Strict application of the limitation period serves this purpose. . . .
>
> In *Peak Performance, supra* at 533, the First Circuit quoted *Pero's Steak House v. Lee*, 90 S.W.3d 614 (Tenn.2002), where the Tennessee Supreme Court stated:
>
>> Negotiable instruments are intended to facilitate the rapid flow of commerce by providing certainty and finality in commercial transactions. These policies are best served by refusing to apply the discovery rule and by finding that the cause of action for conversion of negotiable instruments accrues when the instrument is negotiated. Of course, adoption of the majority rule also fosters uniformity, which is a fundamental objective of the Uniform Commercial Code . . . .
>
> We find that the doctrine of *contra non valentem* does not apply to suspend prescription of a cause of action for the conversion of a negotiable instrument under La.R.S. 10:3-420(f), *except in the event of fraudulent concealment. Peak Performance, supra.*

In *Costello*, an employee bookkeeper embezzled more than $280,000 from her employer by writing checks on the company account to pay her personal creditors. While the *Costello* court did not specify that the fraudulent concealment must occur at the hands of the defendant, *Peak Performance* did in quoting the Tennessee supreme court in *Pero's Steak House* (emphasis added)*:*

> Reviewing the jurisprudence of other jurisdictions, the court noted that "the vast majority of courts hold that *in the absence of fraudulent concealment on the part of the defendant asserting the statute-of-limitations defense, the discovery rule does not apply to toll the statute of limitations on an action for conversion of negotiable instruments.*"

*Peak Performance,* 992 So.2d at 532.

3

The *Peak Performance* court went on to state:

> Not only does the jurisprudential doctrine of *contra non valentem* run counter to the general public policy of certainty underlying prescription, its application in these circumstances would further circumvent the analogous and express policies of certainty and uniformity upon which the UCC and our commercial laws adopting the UCC's provisions are based. UCC provisions should be construed so that rights and liabilities of the parties, absent serious factual dispute, are ascertainable without resort to expensive and delaying litigation over each item that might be paid on an unauthorized signature or endorsement, thereby facilitating commercial transactions. *Pargas, Inc. v. Estate of Taylor*, 416 So.2d 1358, 1364-65 (La.App. 3rd Cir.1982). We therefore hold that the equitable doctrine of *contra non valentem* cannot be applied to suspend prescription of a cause of action for the conversion of a negotiable instrument under La.R.S. 10:3-420(f), except in the event of fraudulent concealment by the defendant asserting prescription, a limited application of the third category of *contra non valentem.*

*Id.* at 533.

*Peak Performance* involved another factual scenario in which an employee was embezzling funds from her employer. While we are sympathetic that Breaux was not in a situation in which he could have easily discovered the theft, the fact remains that Gulf Coast did not conceal anything.

It is not necessary for us to adopt the more sweeping rule espoused by our colleagues in the other circuits because, even applying a case-by-case examination, we conclude that the doctrine does not apply to Gulf Coast. Every exception of prescription necessarily involves a factual analysis. When a claim is facially prescribed, the party against whom the exception is asserted must come forward with facts sufficient to support the claim. *See Younger v. Marshall Ind., Inc.,* 618 So.2d 866 (La.1993).

For instance, in *Metro Electic & Maintenance, Inc. v. Bank One Corp.*, 05-1045 (La.App. 3 Cir. 3/1/06), 924 So.2d 446, we noted that the employer was better situated than his bank to determine whether the instrument had been forged.

Conversely, in *LaCombe v. Bank One Corp.,* 06-1374 (La.App. 3 Cir. 3/7/07), 953 So.2d 161, *writ denied*, 07-0746 (La. 6/01/07), 957 So.2d 177, the bank was better positioned to detect that its customer was forging instruments made payable to the customer's employer. Therefore, this court determined that contra non valentem applied.

In the present case, the instrument was deposited into Breaux's lawyer's account. Attorneys' banks regularly receive into their accounts funds that belong to third parties. Such a bank is not well-positioned to detect conversions by those attorneys. Therefore, the fourth element of contra non valentem will not be applied in such a case.

## CONCLUSION

The judgment of the trial court granting the defendant-appellee's, Gulf Coast Bank, exception of prescription is affirmed. All costs of this appeal are assessed against the plaintiff-appellant, Paul Breaux.

**AFFIRMED.**